**From George Ross Eshleman, Lancaster, Pa.**

---

## Wagner Bros. Co. v. Douglas. No. 2.

*Statements—Need not contain matters of defence—Affidavit raising question of law—Practice Act of May 14, 1915.*

1. Where a rule to strike off a plaintiff's statement was discharged and the time for filing an affidavit of defence extended fifteen days, and within that time the defendant filed an affidavit raising a point of law, a judgment subsequently entered for want of an affidavit of defence is improperly entered and should be stricken off.

2. It is not necessary for a statement to set forth whether the plaintiff is a foreign or domestic corporation, or that one of the defendants is a married woman and the wife of the other defendant, or whether or not she signed the note on which suit is brought as surety, nor is it necessary for the plaintiff to state that the note was protested in order to hold the makers. These are all matters of defence

Rule to strike off judgment. C. P. Lancaster Co., May T., 1924, No. 29.

*J. Andrew Frantz* and *J. W. Starlings,* for rule; *H. Edgar Sherts,* contra.

HASSLER, J., Oct. 4, 1924.—On July 5, 1924, we discharged a rule to strike off plaintiff's statement in this case and extended the time for the defendant to file an affidavit of defence fifteen days. On July 16, 1924, within the fifteen days allowed, the defendant filed an affidavit of defence raising a question of law. On July 22, 1924, after the fifteen days' extension of time for the defendant to file an affidavit of defence had expired, judgment, upon plaintiff's motion, was entered against the defendant for want of an affidavit of defence for $5752.50.

That this judgment should not have been entered after the affidavit of defence raising a question of law was filed is shown in section 20 of the Act of May 14, 1915, P. L. 483. It provides that the defendant, in the affidavit of defence which he must file to prevent judgment, may raise any question of law without answering the averments of fact in the statement of claim, which questions of law shall be disposed of by the court. The defendant in this case, in filing an affidavit of defence raising a question of law within the fifteen days allowed in our opinion, therefore, did all that was necessary for him to do to prevent judgment. The judgment should not have been entered and must be stricken off.

The affidavit of defence raising a question of law is without merit. The statement sets forth a good cause of action as required by section 9 of the Act of May 14, 1915, P. L. 483. It is not necessary for the plaintiff to allege in the statement that it is either a domestic or a foreign corporation, for even a

foreign corporation can recover under the facts set forth in the statement of claim. Nor is it necessary for it to state that Frances F. Douglas, one of the defendants, is a married woman, wife of the other defendant, and whether or not she signed the note upon which the suit is brought as surety. Neither is it necessary for the plaintiff to state that the note was protested in order to hold the makers. If any, or all, of these matters are such facts as will prevent the plaintiff recovering judgment against one or both of the defendants, they are matters of defence and must be set forth in affidavits of defence, denying the averments of facts contained in plaintiff's statement of claim.

We find the alleged questions of law raised against the defendants and permit them to file affidavits of defence to the averments of fact contained in the statement of claim within fifteen days of the date of filing this opinion.

Rule to strike off the judgment is made absolute.

From George Ross Eshleman, Lancaster, Pa.